THOMPSON, J.
 

 The issues involved are presented by way of an opposition to the final account of the executor of the estate of Olympa Y. Mornhinveg, who was the residuary legatee of her husband, Conrad Brand.
 

 The opposition is based on an alleged act of donation inter vivos, executed on November 6, 1895, under and by virtue of which it is claimed that the opponent was made the heir to Brand and wife, and "that, in the absence of forced heirs, she is entitled to receive from the estate the sum of $6,000.
 

 In the alternative, should the court hold' that opponent is not entitled to the amount claimed under the alleged donation, then opponent is entitled to be placed on said final account as a creditor for the sum of $2,500 ;• the same being for actual and necessary services which she rendered as a companion,, nurse, and servant to Mr. Conrad Brand from December 20, 1914, to February 2, 1919.
 

 It is further claimed that the executor erroneously charged opponent with certain taxes and costs for probating the will of Mrs. Brand, in which opponent was made legatee-of particular property.
 

 On a trial of the opposition, the account was amended by allowing the sum of $13.21 on the last-named items, but in all other respects the demand of opponent was rejected.
 

 The opponent was the issue of a marriage between John A. Drummond and Susan Alice Morris. The marriage, however, was subsequently dissolved by a judgment of court at the suit of the husband.
 

 After this divorce, opponent’s father joined with Conrad.Brand and wife in an instrument which purported on its face to adopt the said-opponent and to vest her with all of the qualities of a forced heir to the said Brand and -wife. The act was not signed
 
 by
 
 opponent’s mother.
 

 The validity of the act as one of adaption-was put at issue in a suit of the present opponent (Brand v. Mornhinveg, Executor, 153 La. 195, 95 So. 603), in which this court held the act to be null and void, for the reason that it was not signed by the child’s mother, who was then living.
 

 It is now contended that, although the act may be null as an act of adoption, still it is valid and binding as a donation inter vivos. This contention seems to he based on the following clause of the act:
 

 “That they (Brand and wife) hereby give unto said child (opponent) all the rights of in
 
 *883
 
 heritance that might, would, or should appertain to it, had it been born to them in lawful wedlock.”
 

 The Civil Code provides that property can neither be acquired nor disposed of gratuitously, unless by donations inter vivos or mortis causa, made in the forms prescribed by law.
 

 Article 1468 defines a donation inter vivos to be an act by which the donor divests himself at present and irrevocably of the thing given in favor of the donee who accepts it.
 

 And the following article declares a donation mortis causa to be an act to take effect when the donor shall no longer exist, by ■ which he disposes of the whole or a part of his property and which is revocable.
 

 It is very clear that the instrument cannot be brought within the meaning of the first-quoted article, for the reason that no particular thing to be given or granted is mentioned or described. The language used does not import the divestiture of the title of the grantor or donor, nor the investiture of title in the grantee or donee, of any presently existing property whatever. The instrument merely attempts or purports to confer on the donee all the rights of inheritance pertaining to and which are conferred by law upon a legitimate heir.
 

 To be given that effect, as we have already held, it is essential that both parents, if living, should concur in and sign the act. Act 31 of 1872 and case noted supra.
 

 The instrument cannot be given legal effect as a donation inter vivos for the further reason that the succession of a living person cannot be disposed of in that way or in any other manner. O. O. art. 2454.
 

 Nor can the instrument under consideration be held to be a disposition mortis causa, which is only to take effect at the death of the donor, or testator, for the reason (1) that it does not purport on its face to be a last will and testament; and (2) it is not clothed with the form prescribed by law for dispositions of that character.
 

 It would be a legal heresy to give to the act claimed as a donation the legal effect of either a donation inter vivos or mortis causa.
 

 The second demand of the opponent is equally without legal foundation.
 

 Under the allegations of the petition in the former suit, it appears that opponent was reared by Brand and wife from the time she was an infant under the age of 2 years. She was treated as a member of the family and subject to family discipline. She was boarded, clothed, and sent to the public schools until she arrived at majority. She never knew her real parents until approaching young womanhood.
 

 It is not pretended that there was any agreement or promise on the part of the decedents to pay for the services which opponent now claims. The opponent in the last will and testament of Mrs. Brand was given a legacy of a house and lot valued at $1,000.
 

 The law does not look with favor on such demands as here made.
 

 'In the Succession of Daste, 125 La. 657, 51 So. 677, 29 L. R. A. (N. S.) 297, the court said:
 

 “There is a presumption that the kindly services rendered by a foster daughter to her foster father during his last illness are gratuitous, and the law will not allow recovery for such services in the absence of an express promise to pay for them, or the presence of such circumstances as will be equivalent to such a promise.”
 

 See, also, Succession of Ploton, 36 La. Ann. 211; Estate of Littell, 50 La. Ann. 299, 23 So. 314; Succession of Oubre, 109 La. 516, 33 So. 583.
 

 There is nothing in the record in this case to authorize the inference from the relations between Mrs. Brand and the opponent, that the latter expected and the former intended, a remuneration for the services claimed to have been rendered during Mrs. Brand’s life.
 

 The judgment appealed from is affirmed.