DAND, J.
 

 John H. Ravain departed this life in the city of New Orleans, leaving a widow in community and forced heirs, who opened his succession and prayed that they be sent into possession in due course.
 

 The surviving widow also applied to be appointed administratrix of the estate of her deceased husband, under the supposition that he had died intestate.
 

 Thereafter Albert A. Ravain, a brother of the decedent, presented to the lower court a document which he claimed to be an olographic will in which the deceased had bequeathed to him a half interest in store No. 1801 Tulane avenue in the city of New Orleans.
 

 Proponent prayed that this document be admitted to probate and executed as a last will and testament, and opposed the application of the surviving widow to be appointed as administratrix.
 

 The widow and forced heirs of John H. Ra-vain 'also opposed the probate of this document, on the ground that it was not testamentary in form and did not contain any testamentary disposition or institution of any heir or legatee, and prayed for the dismissal of the demands of proponent.
 

 On February 13, 1928, judgment was signed in the civil district court for the parish of Orleans, ordering the alleged last will of John H. Ravain to be probated and executed.
 

 From this judgment, the surviving widow and heirs of the decedent have appealed.
 

 On March 23, 1928, judgment was also signed appointing the widow of John H. Ravain administratrix.
 

 From this judgment, no appeal has' been taken.
 

 The sole issue presented by the pleadings is whether the document relied upon by proponent is an olographic will under the laws of this state, and is entitled to probate.
 

 The document in contest reads as follows:
 

 “New Orleans July 10/23.
 

 “This is to
 
 acknowledge
 
 that my brother Albert A. Ravain
 
 is
 
 owner of % interest in
 
 *416
 
 my store No. 1801 Tulane Avenue in case I should die at any time.
 

 “[Signed] J. H. Ravain July 10th/23.
 

 “J. H. Ravain July 10th/24.
 

 “J. H. Ravain July 10th/25.
 

 “J. H. Ravain July 10th/26.
 

 “J. H. Ravain Jan. 6th/1927.”
 

 It is declared in R. O. 0. art. 1571, that: “A testament is the act .of last will clothed with certain solemnities, by which the testator
 
 disposes
 
 of his property, either universally or by universal title, or by particular title.”
 

 “Thus an act of last will, by which an individual
 
 disposes
 
 of his property or of part thereof, in any manner whatsoever, whether he has
 
 instituted an heir or only named legatees,
 
 whether he has or has not charged any one with the execution of his last will, is considered as a testament, if it be, in other respects, clothed with the formalities required by law.” R. O. C. art.1570.
 

 The document in question does not name the brother of deceased as legatee nor refer to him at all as an heir. Nor does it contain the words “give,” “donate,” “bequeath,” “devise,” or any other word clearly establishing that it is a disposition of last will.
 

 On the contrary, this document expressly “acknowledges” a title in prtesenti in the 'brother of deceased to a half interest in the store in question, at each of the dates at which deceased affixed his signature.
 

 The document relied upon by proponent disposes of nothing at the death of John H. Ravain, its author, but clearly states that its purpose is to “acknowledge” that his brother is the present owner of a half interest in a particular store.
 

 The words in the document, “in ease I should die at any time,” immediately following the words, “This is to
 
 acknowledge
 
 that my brother Albert A. Ravain
 
 is
 
 owner of
 
 y2
 
 interest in my store No. 1801 Tulane Avenue,” do not qualify the acknowledgment so as to make it a disposition in futuro, to take effect only at the death of John H. Ravain but, in our opinion, are used merely to assign the true reason for the execution of the acknowledgment.
 

 In other words, the document acknowledging a present ownership in Albert A. Ravain of an interest in this store was executed during the lifetime of John H. Ravain, in order to furnish his brother with written evidence to secure and protect his title in the event of the death of John H. Ravain.
 

 The various signatures of J. H. Ravain to this document, and the different dates following each, cannot be considered and rejected as mere surplusage, as the plain purpose of these signatures and dates was to make a continuous acknowledgment of the present and existing interest of his brother in the store in question.
 

 Such signatures and dates would be redundant and meaningless if the document was intended as a will, as its contents -remained intact from the beginning. Nothing was added to it or taken from it at the time of any of these subsequent dates, which, however, are of vital importance in showing a continuing interest in the store on the part of the brother of John H. Ravain.
 

 Our conclusion is that the document in contest evidences an acknowledgment of a present interest owned in the store by the brother of John H. Ravain, and was not intended as an olographic will.
 

 The sole prayer of the petition of Albert A. Ravain is to have this document probated and executed as a last will and testament. We are restricted, therefore, to this issue.
 

 The judgment appealed from is annulled and reversed.
 

 
 *418
 
 It is now- ordered that the demands of Albert A. Ravain to have the document of date, New Orleans, July 10th/23, probated and executed as a will be rejected, and that appellee pay the costs of both courts.
 

 O’NIELL, C. J., and ROGERS, J., dissent.