74 So.2d 384

**LEBLEU et al. v. MANNING.**

No. 41479.

July 2, 1954.

Joe J. Tritico, George W. Liskow, Lake Charles, for plaintiffs-appellants.

Edwin F. Gayle and Fred C. Selby, Lake Charles, for defendant-appellee.

PONDER, Justice.

This is an appeal from a judgment rejecting the plaintiffs' demand to annul an olographic will on the ground that the decedent could not read and write and therefore did not understand the purport of the will.

In this suit the plaintiffs, several collateral heirs, are seeking to annul the olographic will of Migual Pujol, decedent, wherein another collateral heir, Charles J. Manning, was named universal legatee and sent into possession of the estate of the decedent, on the ground that the decedent could not read and write and therefore did not understand the purport of the will. On trial of the merits of the suit the lower court arrived at the conclusion that the de-

cedent could read and write sufficiently to understand the will he had written and rejected plaintiffs' demand. The plaintiffs have appealed.

The plaintiffs in a prior suit contested the will as being a forgery, contending that the decedent could not read and write. The trial court rejected that demand and on appeal to this Court, the plaintiffs abandoned their contention that the will was a forgery and urged that their pleadings were broad enough to warrant the consideration of their contention that the testator lacked the testamentary capacity to make an olographic will. They argued on that appeal that the decedent did not understand what he had written and had merely mechanically copied a draft of a will drawn by Manning without understanding its meaning. This Court affirmed the judgment of the lower court rejecting the plaintiffs' demands on the ground that the plaintiffs' pleadings were not broad enough to warrant the consideration of the testator's capacity to make an olographic will and suggested that the plaintiffs might litigate this question in new proceedings under proper allegations. See Succession of Pujol v. Manning, 221 La. 466, 59 So.2d 456.

It appears from the evidence that Manning drew up the draft of the olographic will at the request of the decedent and that the decedent wrote the will in accordance with the draft in the presence of four witnesses. These witnesses testified that they saw the decedent write the will and two of them testified that the decedent told them that he wanted to leave his estate to Manning.

Plaintiffs admit that the will was entirely written, dated, and signed by the decedent but contend that because of his inability to read and write that he did not understand its purport. The testimony regarding the ability of the decedent to read and write is conflicting. It appears from the written opinion of the trial judge that he was impressed with the testimony of two of the defendant's witnesses, Henry Granger and Father A. J. Robichaud. Granger, a former assessor of Cameron Parish, testified that he went to school with the decedent for about five terms, each consisting of thirty to ninety days, and that he was of the opinion that decedent could read and write. Father Robichaud, a Catholic priest, testified that the decedent had read newspapers in his presence on various occasions and had discussed the news he had read with him.

The decedent maintained a bank account, endorsed checks, signed mineral leases and acts of sale which were executed in his behalf; he clerked in a store and at one time he worked in a post office dispensing mail.

While the draft of the will prepared by Manning was not introduced in evidence, there is in the record an instrument written by Manning and signed by the decedent and two witnesses, acknowledging the making of the will in Manning's favor because Manning had taken care of decedent for

about thirty-two years. A comparison of Manning's handwriting in this instrument with the handwriting in the will executed by the decedent shows that there is no similarity in the formation of the letters and it is therefore apparent that the writing in the will is not a tracing or a mechanical duplication of Manning's handwriting.

 After a careful consideration of all of the testimony in this case, we are convinced that the trial judge was correct in his conclusion that the decedent could read and write sufficiently to understand the purport of his olographic will and that the provisions of Article 1588 of the LSA–Civil Code was complied with.

The policy of our law is to maintain the validity of a will if possible. Godden v. Burke's Ex'rs, 35 La.Ann. 160; Succession of Ledet, 170 La. 449, 128 So. 273. Wills are presumed to be valid until the contrary is shown and testamentary capacity is also presumed until the presumption is destroyed by cogent, satisfactory and convincing evidence. Wilcox v. City of Hammond, 163 La. 489, 112 So. 375; Succession of Mithoff, 168 La. 624, 122 So. 886; Rostrup v. Succession of Spicer, 183 La. 1087, 165 So. 307; Succession of Edgar, 184 La. 775, 167 So. 438; Succession of Lambert, 185 La. 416, 169 So. 453; Succession of Feitel, 187 La. 596, 175 So. 72; McCarty v. Trichel, 217 La. 444, 46 So.2d 621; Succession of Pizzati, 218 La. 549, 50 So.2d

189; Succession of Schmidt, 219 La. 675, 53 So.2d 834.

In the Succession of Lambert, 185 La. 416, 169 So. 453, somewhat similar to the present case, where witnesses testified pro and con as to the ability and capacity of the testatrix to read and write, this Court in upholding the validity of the will, pointed out that the trial judge's findings of fact are entitled to great weight.

For the reasons assigned, the judgment is affirmed at appellants' cost.

HAWTHORNE, J., absent.