AYRES, Judge.
This is an action arising out of a motor vehicle collision, which occurred August 26, 1956, near the intersection of DeSiard Road and Stanley Street in Monroe, Louisiana. The plaintiffs seek judgment against F. Strauss & Son, Inc., and its liability insurer, in solido, for physical damage to plaintiffs’ automobile and for personal injuries sustained by Mrs. Craw-ley. From an adverse judgment, plaintiffs appealed.
Immediately prior to the accident, Mrs. Crawley was operating a 1956 Ford owned by her husband, or the community of ac-quets and gains existing between them, in a westerly direction on DeSiard Road. The other vehicle involved was a 42-foot truck-tractor-trailer combination owned by F. Strauss & Son, Inc., operated at the time by its employee, Herman Jones. It was being driven also in a westerly direction on DeSiard Road. The accident occurred at a time when Herman Jones was making a left turn from DeSiard Road into Stanley Street and at a time when Mrs. Crawley was attempting to pass that forward vehicle.
DeSiard Road, formerly a segment of U. S. Highway 80, is a main traveled thoroughfare to the east, connecting the principal business section of Monroe with the present Highway 80. It has a 24-foot asphalt surface, with shoulders of 5 feet and 6 feet on the south and north sides, respectively. It intersects at right angles Stanley Street, which also has a 24-foot width asphalt surface, with shoulders of *303 6 and 8-foot widths on the west and east sides, respectively. Beyond the shoulders of each street are highway ditches of 10 to IS feet in width. Traffic at the intersection is controlled by an electric caution signal, flashing amber on DeSiard Road and red on Stanley Street. DeSiard Road is the superior right of way street under municipal ordinances, which, however, fix a speed limitation of 25 miles per hour. At the time of the accident, occurring at approximately 12:45 o’clock P.M., the street surface was wet. Plaintiff was en-route to her place of employment; Herman Jones was enroute to his employer’s place of business.
Acts of negligence, as usually charged against the driver of a forward vehicle while attempting a left-hand turn, are charged to defendant’s driver, primarily in that he attempted such maneuver without first ascertaining that the movement could be executed in safety and without unreasonably delaying or obstructing the normal movement of traffic. Acts of negligence constituting a proximate cause of the accident and, in the alternative, as a contributing cause thereof, are charged to Mrs. Crawley in that she was traveling at an excessive rate of speed, failed to keep a proper lookout or to have her automobile under control, and attempted to pass the Strauss vehicle at a street intersection without according said vehicle its right of way and without sounding her horn or giving any other warning of her intention to pass.
For determination are issues of fact, which were resolved in the trial court against plaintiffs. It is a fundamental rule, well established in the jurisprudence of this State, that a trial court’s findings upon questions of fact are entitled to great weight and should only be disturbed when manifestly erroneous. Guin v. Commercial Casualty Ins. Co., 224 La. 44, 68 So.2d 752; Lebleu v. Manning, 225 La. 1087, 74 So.2d 384; Commercial Credit Corp. v. Serpas, La.App., 94 So.2d 83.
For a determination of the facts as haye been established by the record, a brief ré-sumé of the evidence is a prerequisite. Other than the drivers of the vehicles, there were no eye-witnesses to the accident. However, only minutes later Officer Ocie D. Howard of the Monroe Police Department arrived. Following his investigation he made a report of the accident and testified on the trial of the case.
Mrs. Crawley related her version of the accident and -events occurring immediately prior thereto. Traveling west on DeSiard Road she observed the Strauss truck and trailer combination, which she denominated a van, some distance from the point of the collision but remained behind until she reached a point 347 feet from the intersection, which was determined from her recognition of a power line pole, in the passing of which she accelerated her speed from approximately 20 to 25 miles per hour and undertook to pass the truck. She says, on approaching alongside the trailer part of the Strauss vehicle, the truck, suddenly and without warning, started an angling movement into the south or left-hand lane of DeSiard Road, whereupon she says she reduced her speed, applied her brakes and steered her vehicle to the left, notwithstanding the truck continued its movement into the south lane of DeSiard Road in front of her automobile, and that the accident resulted therefrom. Her testimony is that Jones gave no signal, hand, blinker, or otherwise, indicating a left turn. She had no remembrance of giving a signal of her intention to pass.
The testimony of Herman Jones, defendant’s driver, is contradictory to and irreconcilable with that of Mrs. Crawley. Jones testified that before reaching the intersection of DeSiard Road and Stanley Street, where it was his intention to make a left turn into Stanley Street, he was traveling at a speed of approximately 20 miles per hour; that when approximately one block from said intersection he reduced his speed, shifted from high to second *304 gear, and when a half block from the intersection signaled with his blinkers, indicating a left turn, after which he says he also signaled his intention by the use of a hand signal. His testimony most positively is that he did not angle into the left lane of DeSiard Road but that the cab of his truck reached the center of the intersection before he began a left turn. The necessity for this was stated by him to be that, due to the length of the truck-tractor-trailer combination, it was essential that the forward portion of the vehicle reach the center of the intersection before beginning such a turn in order that such movement might be made.
Officer Howard’s testimony is that upon his arrival at the scene of the accident three minutes after its occurrence he found the tractor part of the Strauss vehicle turned left into Stanley Street, with plaintiffs’ automobile driven up under the center of the trailer part of the unit. The blinker lights, on the officer’s arrival, were on and working. The officer found skid marks of, plaintiffs’ automobile beginning in the center of the highway and continuing west 129 feet to the point of impact.
From these facts, the conclusion is inescapable that plaintiffs have failed to establish negligence on the part of defendant’s driver and Mrs. Crawley’s freedom from fault in the occurrence of the accident. Moreover, it could only be logically concluded that Mrs. Crawley was traveling at an excessive rate of speed, otherwise, at 25 miles per hour or less, she would have been able to have stopped in less than 129 feet, and that also she failed to keep a proper lookout, as, otherwise, she would have seen the forward progress of the truck-trailer combination into the intersection, which was necessarily traveling at a greatly reduced speed in order to negotiate an acute left turn. It is also clear that Mrs. Crawley was attempting a passing movement at a street intersection in violation of the provisions of LSA-R.S. 32:233, subd. E, which prohibit the driver of a vehicle from overtaking or passing another vehicle proceeding in the same direction at any intersection of a highway. In Holliday v. Hartford Accident & Indemnity Co., La.App., 38 So.2d 235, 238, the provisions of the Highway Regulatory Act were held applicable to city streets. Moreover, plaintiff’s act, in attempting a passing movement, was also in violation of the provisions of a city ordinance providing that such movement shall not be attempted or made within 75 feet of a street intersection.
While it is true that the violation of an ordinance or statute is a matter of no importance unless it contributes as a proximate cause to the occurrence of the accident, that is, without such violation the accident would not have occurred, the established facts lead to the conclusion that but for plaintiff’s violation of the statute, her speed and failure to maintain a proper lookout, the accident would not have occurred.
Neither do the facts warrant any conclusion that defendant’s driver had the last clear chance to avoid the accident and failed to do it or that the doctrine of discovered peril has any application. There is no showing that defendant’s driver observed or had any grounds or reasons to-observe, or should have observed, plaintiff in a position of peril at a time when, by appropriate action, he could have prevented the accident. Mrs. Crawley’s own act, in applying her brakes at a considerable distance before reaching the intersection or the point of collision, is conclusive of her knowledge that defendant’s driver was then well on his way in executing a left turn. If anyone was in a position of peril, it was defendant’s driver, whose position could have and should have been seen by plaintiffs’ driver while she had time and opportunity to prevent the impending collision. The last clear *305 chance could properly be concluded as hers.
For the reasons assigned, and finding no manifest error in the judgment appealed, it is affirmed at appellants’ cost.
Affirmed.