BOLIN, Judge.
The succession of Felix Lewis was opened in Webster Parish, Louisiana, by Alvin P. Lewis, alleging decedent died intestate ; that he was the sole and only heir; and that he should be appointed administrator. Thereafter, Giles Cowen, step-son of decedent filed a petition attaching a document purporting to be a last will and testament and asked the instrument be admitted to probate. An exception of no cause or right of action was leveled at this petition which was sustained, and this appeal followed.
In order to better understand the issues presented, we will state in more detail the sequence of events leading to the present controversy.
Felix Lewis died on June 4, 1961, leaving-Alvin P. Lewis, a half brother as his sole heir. He was also survived by a widow, Mrs. Julia Kerr Lewis, whom he had married just five days before his death; and a step-son, Giles Cowen, child of a previous wife.
On June 5, 1961, Giles Cowen filed a petition to have a bank box of Felix Lewis opened in order to search for a will. No return having been made on this rule, on September 14, 1961, Alvin P. Lewis requested he be appointed administrator forthwith, and such an order was signed on September 15, 1961.
On September 22, 1961, Giles Cowen filed a return to his petition and set forth no will had been found. On the same day he also filed a petition in the original probate proceedings, under the same number and heading, wherein he alleged a last will and testament of decedent had been discovered; that said purported will should be admitted to probate; that Alvin P. Lewis be removed as administrator and he be appointed as administrator.
On September 29, 1961, the widow, Mrs. Julia Kerr Lewis, filed a petition asking for recognition of her claim for one-fourth (J4) of the estate under LSA-C.C. art. 2382. This matter is in no way involved in this appeal but we set it forth in order to present the entire picture.
On October 11, 1961, Alvin P. Lewis, Administrator, filed an exception of no cause or right of action to the petition of Giles Cowen. Attached to the exception was a memorandum of authorities together with the grounds for opposing the purported will and the attempt to remove him as administrator and have Giles Cowen appointed. The exception was submitted on the record as made up and judgment was rendered and signed on November 15, 1961, sustaining the exception and declaring the purported will null and void and of no force and effect and *793 rejecting the demands of Giles Cowen to have Alvin P. Lewis removed as administrator and himself appointed.
The principal argument advanced by appellant is that he was obligated under the terms of LSA-C.C.P. art. 2853 to file the purported will; that having thus filed the •document, his petition should not have been dismissed on an exception, but same should have been tried on its merits and any opposition thereto should have complied with LSA-C.C.P. arts. 2856 and 2857.
The trial court took the position the •purported will being attached to the plaintiff’s petition was before the court and its validity was subject to be passed on under an exception of no cause or right of action, ■and with this conclusion we are in complete •accord. While it is true appellant was obligated under LSA-C.C.P. art. 2853 to file the purported will in the proceedings, he went further and not only presented same to the court, but prayed that it be admitted to probate; that the previous actions taken in the absence of the alleged will be set aside; and that he be appointed administrator under said will. Under these circumstances, he was clearly presenting the will for probate and praying for certain acts and rights thereunder. Therefore, this petition was ■subject to any exceptions and it is elementary in our law that all documents attached ■to the petition become an integral part thereof and should be considered when ruling on such exceptions. Great Sweet Grass Oils Co. v. Kroy-American Oils, Inc. (La.App. 2 Cir., 1961) 129 So.2d 591; Clark v. Reed (La.App. 2 Cir., 1960) 122 So.2d 344; Peavy Wilson Lumber Co., Inc. v. Cotton (La.App. 2 Cir., 1939) 188 So. 426.
The only real issue in the case to us ■is whether the purported will is null and void on its face, either as a last will and •testament, codicils, or an act of disin-herison. For a determination of this ques•tion, it is necessary to briefly describe the •document in question which is a printed ;pamphlet consisting of 64 pages and being styled on the cover sheet as “Navy Guide for Retired and Fleet Reserve Personnel”. The pamphlet has an index of 4 pages which covers varied types of advice and information for retired naval personnel. The appendix refers to a sample will being on page 54 of the document. An examination of this sample last will and testament clearly reflects that it was no more than a sample and was intended only as a guide; that even if used as a guide it would perhaps not comply with the laws of Louisiana. Using this sample printed form, the decedent completed some of the blanks therein, noting his desire to leave his property to his stepson. In his own handwriting, he also wrote on the margins of the sample will the following :
“I want my half brother Alvin P. Lewis to have one Dollar ($1.00) in silver and to keep it rolling Felix Lewis (Italics decedent’s.)
“I want General Daniel to have the house he and wife live in and 4 Farm acres of Land Felix Lewis.”
The statements which were written on the margins were signed by Felix Lewis, but no dates were on same.
The purported will was clearly null and void on its face as it did not meet the requirements of any one of the various types of wills authorized under Louisiana law. The only serious argument advanced as to its validity was as an olographic will or in the alternative, that the portions written in the handwriting of the testator on the margins thereof were either valid codicils or a disinherison. This argument has no merit in that the notations on the margins standing alone are not dated and must stand 01-fall upon the validity of the document as a valid will. The entire document is patently a portion of the 64 page pamphlet which was merely a guide, and any argument to have same now construed as a last will and testament is clearly without merit. In our opinion, there could be no conceivable evidence that could breathe life into an invalid *794 will and under these'circumstances, we feel the lower court was entirely correct in dismissing the demands under the 'exceptions rather than going through the useless process of having a trial on the merits.
For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.