183 So.2d 416 (1966)
Succession of Anne Zemurray HAMMETT.
No. 2037.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1966.
Rehearing Denied March 7, 1966.
Writ Refused April 15, 1966.
*417 Dufour, Levy, Marx & Lucas, Leonard B. Levy, New Orleans, for appellant.
Edward J. Villere, New Orleans, for appellee.
Before YARRUT, HALL and BARNETTE, JJ.
BARNETTE, Judge.
Appellant is an opponent of a document which was submitted for probate in the succession proceedings. He is appealing from the judgment of the district court ordering the document admitted to probate as an olographic will.
The document in its entirety reads as follows:
 "Jan. 30, 1961
"To whom it may concern,
"75% of all my monetary, real estaste [sic] and stock holdings to Sam Zemurray III with James H. Atkinson as trustee to be held in trust at Sam's discretion until Sam is 35 years old.
"25% of all my monetary, real estaste [sic], and stock holding to James H. Atkinson.
"Donald Albert Hammett is no longer my husband and I leave him nothing.
 "Anne Zemurray Hammett"
Evidence taken in the lower court established that the document was written entirely in the hand of the deceased. There is no question raised by appellant as to its authenticity or in regard to the formalities required of an olographic will. LSA-C.C. art. 1588.
Appellant's attack on the document is his argument that it does not indicate that the writer intended to make a testamentary disposition of her property. We think that his objection is not well founded, and that the document was properly probated.
Dispositions mortis causa can be made only by testament, and for a document to be a testament, it must "clearly establish that it is a disposition of last will." LSA-C.C. art. 1570. In keeping with this requirement our jurisprudence has held that, in order to constitute a testament, a document must show on its face by its own language, that it purports to dispose of the writer's property on his death. Succession of Patterson, 188 La. 635, 177 So. 692 (1937); Succession of Ravain, 168 La. 413, 122 So. 274 (1929); Succession of Brand, 162 La. 880, 111 So. 267 (1927); Succession of Elliot, 27 La.Ann. 42 (1875); Succession of Shows, 158 So.2d 293 (La.App.1st Cir. 1963), aff'd, 246 La. 652, 166 So.2d 261 (1964); Succession of Faggard, 152 So.2d 627 (La.App. 2d Cir.1963); Succession of Brewster, 145 So.2d 597 (La.App. 4th Cir. 1962).
The question before us is one of fact. Does the language of the document clearly indicate that the deceased intended to dispose of her property on her death by means of this instrument? Succession of Brewster, supra. Appellant relies on language *418 found in Succession of Shows, supra, in which the court discussed the same problem in regard to the document before it in that case:
"* * * we find the purported will absolutely devoid of any testamentary language and this for two reasons: In the first place, the document does not state that whatever is to be effected thereby is in any way connected with or to take place upon death. The latter words do not appear nor does the document contain any language connoting a disposition to be effective at death such as `bequeath', `devise', `will' or the like. In the second place, the document fails to show any intent to convey, give or donate. * * *" 158 So.2d at 298.
In examining the same document on writ of certiorari, our Supreme Court said:
"A mere perusal of the instrument sought to be probated in the case at bar discloses it totally lacks any language to indicate the animus testandi of the decedent and the necessary words to constitute a valid will. * * *" 246 La. at 656, 657, 166 So.2d at 263.
Appellant contends that the quoted language could be applied with equal force to the document before us in the instant case. However, this instrument must be considered on its own merits toward the end of discovering whether or not it meets the test of clearly showing a testamentary intent.
The last statement of the document indicates that the writer intended it to convey property on her death. The principal value of an olographic will is its simplicity; it can be confected by a layman without the assistance of legal counsel. Succession of Gaudin, 140 So.2d 384 (La. App. 1st Cir. 1962). This document contains the word "leave". One trained in the law might prefer the use of words such as "bequeath" or "devise", but we are dealing with a document written by a person not so trained, and certainly "leave", when used by a layman, indicates the necessary intent.
Appellant contends that even if the word "leave" does satisfy the requirement of clearly indicating an animus testandi in the statement in which it occurs, it should not be "interpolated" into the first two statements so as to qualify them as testamentary dispositions. The result of this approach would grant validity to the last statement while denying it to the first two statements. We believe that to perform such mechanistic surgery on this instrument would violate the purpose of an olographic will. The law does not require that it be phrased in precise legal language throughout. We have "interpolated" nothing. Rather we have carefully considered the document taken as a whole and have found that it clearly indicates
(1) That the decedent intended to convey her property in the manner indicated,
(2) That she intended the conveyance to take place on her death, and
(3) That she intended to accomplish the conveyance by means of this document.
It is her olographic will and is entitled to probate.
Our conclusion is amply supported by the jurisprudence of our State under Civil Code Article 1713 to the effect that the interpretation of the purported will should be such as to support its validity where possible. The courts should seek to find in the instrument that which will support, rather than defeat, the apparent intention of the testator. Succession of Thibodeaux, 238 La. 791, 116 So.2d 525 (1959); Lebleu v. Manning, 225 La. 1087, 74 So.2d 384 (1954); Succession of Rougon, 223 La. 103, 65 So.2d 104 (1953); Succession of La Barre, 179 La. 45, 153 So. 15 (1934).
The judgment of the district court admitting the will to probate is affirmed. Appellant is to pay the cost of this appeal.
Affirmed.