HOOD, Judge.
This matter is before us on an action to annul a duly probated olographic will, purporting to be the last will and testament of Leon Simon, deceased. The action to annul was instituted by Adíes Simon, the only child of the testator, against Mrs. Thelma Simon Stone, the universal legatee named in the will. Judgment was rendered by the trial court rejecting plaintiff’s demands, and plaintiff has appealed.
*795 The sole issue presented is whether the will is invalid because of the testator’s alleged inability to read and write at the time the will was executed.
Leon Simon, a resident of Calcasieu Parish, died on May 6, 1967. His wife and his parents predeceased him, and his only surviving legal heir is his son, Adíes Simon, the plaintiff in this suit. The decedent left what purports to be an ol-ographic will, dated April 22, 1967, in which he bequeathed the disposable portion of his estate to his granddaughter, Mrs. Thelma Simon Stone, the defendant. Mrs. Stone is plaintiff’s daughter.
The will was probated on July 18, 1967, before the late Judge Clement M. Moss. Upon petition of Mrs. Stone, an ex parte judgment of possession was rendered by the trial court on August 1, 1967, recognizing Mrs. Stone as a legatee under the will and sending her into possession of two-thirds of the property left by the decedent, and recognizing Adíes Simon as the sole legal heir of the testator and sending him into possession of one-third of said property. Adíes Simon was not a party to the proceeding which resulted in the above mentioned judgment of possession.
On December 5, 1968, Adíes Simon filed an action to annul the will left by his deceased father, alleging as grounds therefor that defendant fraudulently induced the testator to make such a will, that duress and undue influence were used in getting the decedent to sign the will, that the testator was not of sound mind when the will was executed, and that Leon Simon was incapable of making an olographic will because he could not read and write.
After trial on the merits, the trial judge found that the evidence failed to establish facts sufficient to support plaintiff’s demands on any of the grounds alleged, and he rendered judgment rejecting plaintiff’s demands. The present appeal was taken from that judgment.
On this appeal the only ground urged by plaintiff as a basis for reversing the trial court judgment, and decreeing the will to be null and void, is that the testator allegedly was illiterate, that is, that he could not read and write, and that he thus was incapable of making an olographic will.
We direct our attention first to the factual issue of whether the testator could read and write at the time the will was executed.
This action to annul was instituted more than three months after the will was probated, so the burden of proving the invalidity of the testament rests on plaintiff. LSA-C.C.P. art. 2932; Succession of Broussard, 210 So.2d 589 (La.App. 4 Cir. 1968).
The testimony is conflicting as to whether the testator was or was not so illiterate that he could not read and write. A number of witnesses called by plaintiff testified that they had never seen him read or write, although they had been with him often, and that they felt that he was unable to do so. Some stated that he occasionally asked them to write letters for him or to read to him letters which he had received, and that he would have others fill out the bank checks which he had to sign. A number of checks which had been signed by Leon Simon were filed in evidence, and it is apparent that all of them had been filled out by some one other than the maker.
Witnesses called by defendant felt that the testator could read and write. One testified that he saw the testator fill out an application for a postal money order in his own handwriting, and that he observed the decedent on another occasion addressing an envelope. Another stated that she has seen Leon Simon reading his mail, receipts and catalogs, and that she has seen him fill out order blanks for seeds and vegetables, writing in those blanks the names of the vegetables and plants he wanted. The testimony shows that on one occasion the testator was handed a legal document, that he put on his glasses and appeared to read it, and that he then informed those present that the document *796 was an old bill of sale for some horses and that it was then worthless. On another occasion he examined a deed carefully, appearing to read it, before he signed.
The evidence shows that the testator worked as a “gauger” in oil fields for a period of time, and that as such he was required to read tape lines and gauges and to fill out regular written reports. This indicates that he at least could recognize and write numbers, as well as dates.
The testator, Leon Simon, copied the will which is at issue here from a form which had been prepared for him by an attorney. The form which he used in copying or writing his will was printed in large, block, capital letters. The olographic will which he prepared, however, was written in regular script, with only the initial letters of appropriate words capitalized. It is apparent, therefore, that Simon knew enough about writing to be able to convert printed words into script. If he had merely drawn or traced characters to correspond to those contained on the form, the will would have been printed in block letters.
The testator obviously had very little education, and the evidence shows that he wrote laboriously. Although his handwriting is relatively uneven and poor, it is completely legible. The evidence convinces us that the testator knew how to read and write when the will which is at issue here was confected.
Plaintiff contends, however, that “the testator must not only actually write the olographic testament in his own hand, but he must be literate and able to comprehend that which he has written.” He cites French authorities and the case of Lebleu v. Manning, 225 La. 1087, 74 So.2d 384 (1954), as authority for that argument.
We do not feel that the authorities cited support that argument. Assuming arguen-do, however, that such a rule is applicable here, the burden nevertheless would rest on plaintiff to show that the testator was so illiterate that he could not comprehend what he had written. We find that plaintiff has failed to meet that burden.
Since we have concluded that the testator, in fact, could read and write at the time the will at issue here was executed, it is unnecessary for us to consider plaintiff’s additional argument that an illiterate person is legally incapable of executing an olographic will.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.