DOUCET, Judge.
This matter is before this Court on appeal from a ruling of the Tenth Judicial District Court, the Honorable John B. Whitaker presiding, wherein a document, hand-written by the decedent, Elma B. Moran, was given the effect of an olographic codicil to a prior statutory will. The original proceedings were instituted by the testamentary executrix, Cleo Ives Robertson, Appellee.
On February 24,1976 Elma B. Moran sold to each of her cousins, Matthew Jones and Marvin W. Jones, 3.64 acres of land. Each cousin paid her $500.00 for the property. Additionally, they paid for the survey of the land and the legal fees involved in the transfers. The deeds were duly recorded.
On the same date, Mrs. Moran wrote a will, in statutory form, wherein she bequeathed to these same cousins, Matthew and Marvin Jones, “all of my land that lies East of the blacktop road and West of the Westernmost Bayou that traverses my farm.” This bequest involves 50 acres of land on the Cane River in Natchitoches Parish, Louisiana. The will named Cleo Ives Robertson, a niece of Mrs. Moran, as Executrix of Mrs. Moran’s estate. Mrs. Robertson is also universal legatee under this will.
Mrs. Moran died in New Orleans in 1981, while visiting with her niece, Mrs. Robertson. The statutory will, executed on February 24, 1976, was probated on September 14, 1981.
Sometime after the probate of the will, there was found, among Mrs. Moran’s papers in a bank box, a document written, dated and signed by Mrs. Moran on May 1, 1981. This document reads as follows:
“TO WHOM IT MAY CONCERN:
I, Elma I.B. Moran do this day May 1, 1981 being of sound mind would like to state that Matthew Jones and Marvin Jones have been given all property that was mentioned in my will and will not receive any more personal or. private property at my death.”
This document also contained, in addition to Mrs. Moran’s signature, the signatures of John T. Moran, George J. Robertson, Sr., and Matthew Jones.
On December 9,1981, the Executrix, Mrs. Robertson, filed a Petition for Declaratory Judgment, naming Matthew and Marvin Jones as defendants in which she alleged that the 3.64 acres of land conveyed to each of them “were intended to convey to the defendants in lieu of acquiring under the last will and testament.”
The defendants answered the petition and filed a reconventional demand, denying that the 3.64 acres purchased by each was to be in lieu of acquiring under the will and asking to be put into possession of the fifty acres bequeathed to them in the will.
The trial on the petition for declaratory judgment was held on May 14, 1982. The trial court ruled that the May 1, 1981 document met the requirements of an olographic will and qualified as an enforceable codicil, revoking the statutory will bequest to Matthew and Marvin Jones, thereby allowing them to take nothing from the estate of Mrs. Moran.
Defendants appeal this ruling of the trial court, citing five specifications of error.

*512
Assignment of Error No. 1.

The trial court erred in finding that the handwritten document dated May 1, 1981, was a valid codicil to the February 24, 1976 statutory will and therefore revoked the testamentary bequest to Marvin and Matthew Jones.
A testament is revocable by the testator, until the time of the testator’s death. LAC.C. Art. 1690. To be an effective revocation, the act of revocation must be in a form prescribed by law for testaments, “and clothed with the same formalities.” LA-C.C. Art. 1692. The document which is alleged to be a revocation of a testamentary bequest herein, the document dated May 1, 1981, is contended to be clothed with the formalities of an olographic will. These formalities are set out in C.C. Art. 1488:
“The olographic testament is that which is written by the testator himself.
In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State.”
There is no dispute that the May 1, 1981 document was entirely written by Mrs. Moran, and it is dated and signed by her.
However, in construing and interpreting wills and codicils, courts must ascertain the intent of the testator. LA-C.C. Art. 1712, Succession of Roussel, 373 So.2d 155 (La.1979).
Mrs. Moran, in the May 1,1981 document, stated that she had “given all property that was mentioned in my will” to Marvin and Matthew Jones. The evidence adduced at trial proves that the property received by the Joneses on February 24, 1976 was on the West side of the blacktop road which traversed Mrs. Moran’s property, between the Cane River and the road, and that each tract contained 3.64 acres, for which the Joneses paid $500.00 each, per tract. A letter from Mrs. Moran to Marvin Jones, which was introduced into evidence, dated January 6,1976, indicated that the price she asked for these tracts, $500.00, was met by the Joneses.
The will, dated February 24, 1976, also provided that the Joneses were to receive, at Mrs. Moran’s death, “all of my land that lies East of the blacktop road and West of the Westernmost Bayou that traverses my farm.” Maps introduced into evidence at the trial clearly indicate that this property is not the same as that purchased by the Joneses. The property described in the will comprises an area of 50 acres, east of the road.
There was no evidence presented to show that the Joneses ever received any property from Mrs. Moran other than the tracts they purchased. On the contrary, the evidence indicates that the two 3.64 acre tracts lying west of the road are all they ever received from Mrs. Moran, by any means.
A further consideration in interpreting wills and codicils is set out in LA-C.C. Art. 1713:
“A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none.”
Also, C.C. Art. 1415 provides:
“When, from the terms made use of by the testator, his intention can not be ascertained, recourse must be had to all circumstances which may aid in the discovery of his intention.”
Looking at all the circumstances, and attempting to understand the May 1, 1981 document in a sense in which it can have effect, we find the later document to be vague and ambiguous. Mrs. Moran never gave the Joneses any property. She sold them property in a location other than that mentioned in the will. Her intent when she wrote the May 1, 1981 document is unclear, in light of all the circumstances. For a document to be given testamentary effect, it must be clearly established that it is a disposition of last will and has testamentary character. Succession of Hammett, 183 So.2d 416 (4th Cir.1966), rehearing denied, writ refused. The document in question in this case does not meet that test. Mrs. Moran’s intent is clouded in supposition and conjecture. It is impossible to ascertain or understand. Therefore, the document of May 1, 1981 can have no effect.
*513 Having decided that the document in contention can have no effect, we need not address appellants’ other assignments of error, all of which are evidentiary in nature. Accordingly, the ruling of the trial court is reversed. All costs of this appeal to be borne by appellee.
REVERSED.