ST. PAUL, J.
 

 On August 19, 1925, Henry Ledet made an olographic will by which he made certain bequests and legacies to relatives and friends, the details whereof are presently not pertinent. He then had a wife and one child.
 

 
 *452
 
 On August 25, 1926, a second legitimate child was born to him by his , said wife. Whereupon the will fell by the terms of article R. 0. 0. 1705, reading as follows: “The testament falls by the birth of legitimate children of the testator, posterior to its date.”
 

 Thereafter, to wit, on December 2, 1926, Ledet added a codicil to his said will, by which, after mentioning the birth of the child, he declared that: “I hereby confirm all the bequests and instructions made in my said will, with the following modifications, additions and changes, to wit,” etc. Which modifications, etc., are also not pertinent.
 

 This is a suit by the widow of the deceased, on behalf of her two minor children, to annul the will and the codicil thereto, on the ground: (1) That the first seven lines of the codicil, which include the date and the reference to the birth of the child, are not in the handwriting of the testator; and (2) that a will which has fallen by the subsequent birth of a child cannot be revived in the manner here attempted. The judgment below was in her favor, and the executor has appealed.
 

 I
 

 There is conflict of testimony as to whether the first seven lines of said codicil are in the handwriting of the testator, but from the whole testimony we are quite satisfied, as was the district judge, that the codicil, as well as the will itself, is entirely in the handwriting of the testator. The conclusive feature in this conflict of testimony is that the testator himself presented the codicil to his attorney as being in his handwriting, read it over with his attorney, and then placed it in his bank box, where it was found after his death. Tr. 455, 456.
 

 II
 

 At the outset it may be remarked that any document entirely written, dated, and signed by the testator, and purporting to express his last wishes touching the disposition to be made of his estate after his death, is a will by whatever name he may choose to call it. As to that article R. C. 0. 1570 is quite clear; and in common practice a codicil is merely an addition to a will and forms part of it. Succession of Manion, 143 La. 799, 79 So. 409. So much so that such codicil or addition need not 'always be separately dated if it have the appearance of having been written at the same time as the will itself. Lagrave v. Merle, 5 La. Ann. 278, 52 Am. Dec. 589.
 

 As to the proposition that there was a “legal or conventional return” to the testator’s estate of the property disposed of by the will when it fell, that is untenable, since article R. C. 0. 1559 applies only to donations inter vivos, and could not possibly apply to donations mortis causa; for these latter do not take effect until the testator’s death, and hence have never passed out of his estate, so that there can be no return thereof to the estate, since the property has never ceased to belong to the estate.
 

 And it is precisely because of this difference between donations inter vivos, wherein the property passes at once to the donee, and donations mortis causa, wherein the property does not pass to the donee until the death of the testator, that a donation inter vivos which, under the Drench law, but not under ours, falls by the birth of legitimate child to the testator, cannot be reinstated by a confirmatory act, but only by a new donation; and the Code Napoleon expressly so provides O. N. 964. In other words, the property donated having passed to the donee, and, having reverted to the donor by the birth of a legitimate child, then becomes, once more part of his estate and can be alienated only by
 
 *454
 
 some new act capable of transferring it to some one else.
 

 Ill
 

 But all that is wholly aside from the question presented in this case which is whether a will which falls by law upon the birth of a legitimate child, posterior to its date, but is perfectly valid in form, may be reinstated by a subsequent will also valid in form, by simple reference thereto, and without repeating all the provisions thereof.
 

 And it may be conceded at once that a will cannot be made by mere reference to another document not itself a will, or to a former will that is invalid because of want of proper form. All the French authorities agree on that.
 

 But when a will, otherwise valid, falls by the birth of a legitimate child, posterior to its date, that will is merely revoked by law instead of by the testator.
 

 And a will that is revoked by law is no more effectively revoked than if revoked by the testator himself. The effect is the same in both cases; the will was valid, but cannot be executed simply because it has been revoked.
 

 The French authorities to which we have been referred, and none have been cited to us holding the contrary, hold that when a testator has made a will, valid in form, and has afterwards revoked it, he may retract the revocation and reinstate the will by another will, valid in form, as effectively as if he made a new will containing the same provisions. Dalloz, Rep. de Legislation, etc., vol. 16, p. 712, No. 2492, citing Merlin and Troplong; Baudry-Laeontinerie, vol. 11, p. 361, No. 2727 (vol. 2 of Donations and Testaments).
 

 And in our oinnion that is sound doctrine. The policy of our law is to maintain a will, if possible. Godden v. Burke’s Ex’rs, 35 La. Ann. 160. And it seems to us that where a testator has clearly expressed, in due form, his intention to persist in a will, also in proper legal form, his wishes thus expressed should not be disregarded because of some doubt that might arise as to whether the particular method of expressing his wishes be strictly regular.
 

 We are referred to a number of cases in which the court uses the expression that a will which falls by the birth of a legitimate child, posterior to its date, is void. But those are all cases in which the testator had done nothing thereafter to indicate his intention to persist in the will, and hence they have no application to the case at bar.
 

 Decree.
 

 The judgment appealed from is therefore reversed, and it is now ordered that plaintiff’s demand be rejected at her cost in both courts.
 

 LAND, J., dissents.