MORIAL, Judge.
The sole question in this case touches the caducity of the last will and testament executed by Clifford Joseph Troxler, who died on September 11, 1974.
The testator in his will of January 9, 1969 bequeathed to his children named in the testament “ * * * their forced or legitimate portion of my [his] estate * * * it js admitted that a legitimate child was born to the testator on December 28, 1971. In the will no provision is made for the subsequent birth of a child.
LSA-R.C.C. Article 1705, except to the extent that it permits a testator to make provision to avoid the statutory revocation of his testament, is absolute and imperative.[1] We see nothing in the record to warrant the inapplicability of the clear mandate of LSA-R.C.C. Article 1705.
The judgment of the district court is affirmed.
Affirmed
REDMANN, J., dissents.

. At the time of confection of decedent’s testament and the posterior birth of his child R.O.C. Article 1705 provided:
“A testament is revoked by the posterior birth of a child to the testator or by the subsequent adoption of a child by the testator, unless the testator has declared in the testament that such an event shall not revoke the testament; provided however, that in no event shall this article be interpreted in such a manner as to impinge upon the legitime of a forced heir.”
Acts of 1974, No. 209, which was effective at the time of the testator’s death, amended and reenacted R.O.C. Article 1705 to provide:
“A testament is revoked by the subsequent birth of a legitimate child to the testator or by the subsequent adoption or legitimation of a child by the testator, unless the testator has made testamentary provision to the contrary or has made testamentary provision for such child.”
Insofar as applicable here we deem the provisions are in substance identical. ‘