527 So.2d 483 (1988)
SUCCESSION OF Bob Perry AUSTIN.
No. 88-CA-21.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
*484 Bernard, Cassisa, Saporito & Elliott, Albert C. Miranda, Howard B. Kaplan, Metairie, for defendant/appellee.
Favret, Favret, Demarest & Russo, John Y. Kennedy, New Orleans, for defendant/appellant.
Joel A. Levy, Marrero, for plaintiff/appellant.
Before KLIEBERT, WICKER and GOTHARD, JJ.
WICKER, Judge.
A will which was valid under Mississippi law was admitted to probate in Louisiana, and the trial judge reduced the bequest which impinged upon the legitime of the decedent's children. The children appeal the order of probate, and we reverse and render.
Bob Perry Austin, a Louisiana domiciliary at the time of his death, executed an undated will in Pike County, Mississippi, which did not make provision for later-born children. This will was valid in form under the laws of Mississippi; and it left his entire estate to his mother, Maude S. Bonds. At the time of its execution in 1970, Austin already had one child, Carliss La Shunuette Austin. Subsequently, Austin fathered three additional children, Bob Perry Austin, Jr.; Felicia Marie Austin; and Victoria Shamika Austin. Austin subsequently married their mother, Betty Jean Washington, and legitimated the children. Austin died in November of 1985, without having made a new will, leaving immovable property in Mississippi and in Jefferson Parish.
Bonds filed Austin's will with the Chancery Clerk in Pike County, Mississippi on November 14, 1985, which issued letters testamentary. She also filed a Petition for Probate in Jefferson Parish in February of 1986. Washington filed a Petition to Annul the will in August of 1986, also in Jefferson Parish. The will was admitted to probate in Mississippi in April of 1987, before the case came for trial in Jefferson Parish.
The Louisiana trial judge ruled that Austin was a Louisiana domiciliary at the time of his death and that his will was valid under the provisions of La.R.S. 9:2401. However, he ruled that the provisions of the will impinged on the legitime of Austin's children; and he reduced the donation of immovable property located in Louisiana to fifty percent. No judgment was rendered on immovable property located in Mississippi.
The issue is whether or not Austin's will was revoked by the subsequent birth and legitimation of Bob Jr., Felicia, and Victoria. We hold that it was.
Wills confected outside Louisiana are subject to the provisions of the Uniform Wills Law and the Uniform Probate Law. La.R.S. 9:2401 and 9:2421 et seq.
A will executed outside this state in the manner prescribed by the law of the place of its execution or by the law of the testator's domicile, at the time of its execution shall be deemed to be legally executed and shall have the same force and effect in this state as if executed in the manner prescribed by the laws of this *485 state, provided the will is in writing and subscribed by the testator.
La.R.S. 9:2401.
The will in question is "in writing and subscribed by" Austin. It was executed in Pike County, Mississippi; and it was filed and probated in that county. We assume that it was executed "in the manner prescribed by the law of" Mississippi, since the Chancery Court of Pike County entered an order of probate. Consequently, Austin's will "shall have the same force and effect in this state as if executed in the manner prescribed by the laws of this state." Once the trial judge was presented with an authenticated copy of an order admitting Austin's will to probate by the Chancery Court of Pike County, Mississippi, on November 13, 1985, and with a judgment of that same court decreeing Austin's will to be valid on April 29, 1987,[1] his duty became a mandatory one. La.R.S. 9:2422 and 2423.
A finding that Austin's will is valid, however, does not foreclose inquiry into whether it was revoked by subsequent events. Had Austin's will been executed in Louisiana, it would clearly have been revoked by operation of La.C.C. art. 1705:
A testament is revoked by the subsequent birth of a legitimate child to the testator or by the subsequent adoption or legitimation of a child by the testator, unless the testator has made testamentary provision to the contrary or has made testamentary provision for such child.
"Obviously, the uniform wills act deals entirely with form. The substantial law of the Civil Code, under this topic, must be examined with the same intentness as if the will had been made in the state, as its `force and effect' has to do with its execution and not with its content." H. Daggart, Comments on the Uniform Wills Law and Uniform Probate Law.[2] A will which is otherwise valid can nevertheless be incapable of execution due to subsequent revocation. Succ'n of Ledet, 170 La. 449, 128 So. 273 (La.1930).[3] The provisions of La.C. C. art. 1705 are "absolute and imperative." Succ'n of Troxler, 323 So.2d 924 (La.App. 4th Cir.1976). Consequently, we hold that Austin's will was revoked by the later birth of his children. Austin's succession devolves as though it were an intestate one; and his four children, Carliss La Shunuette Austin; Bob Perry Austin, Jr.; Felicia Marie Austin; and Victoria Shamika Austin, are his sole heirs under the provisions of La.C.C. arts. 880 and 888.

DECREE
IT IS ORDERED, ADJUDGED AND DECREED that the four children of Bob Perry Austin, Carliss La Shunuette Austin; Bob Perry Austin, Jr.; Felicia Marie Austin; and Victoria Shamika Austin, be and they are hereby entitled, in equal proportions, to all of the immovable property of decedent, Bob Perry Austin, located in Louisiana.
REVERSED AND RENDERED.
NOTES
[1] That judgment reveals that all parties to the Louisiana proceeding had intervened in the Mississippi proceeding.
[2] La.R.S. 9:2401 pp. 255-256.
[3] The Ledet case found that the testator had retracted the revocation of La.C.C. art. 1705 by a later codicil.