KING, Judge.
The issue presented on appeal is whether or not an adoption made by the testator after the execution of his will nullifies the will.
Wilton Meaux (hereinafter Meaux) died testate on January 21, 1986. He executed a will in statutory form on February 19, 1973. On April 12, 1983, he and his wife, Maude Guidry Meaux, adopted their grandson, Paul Randy Breaux, by notarial act. The validity of the will was challenged by Meaux’s daughter, Lillian Lee (hereinafter Lillian). The trial court, after a hearing, held that the will was not revoked by Meaux’s adoption of a child after he made his will. A formal written judgment was signed. Lillian timely appealed. We reverse.
FACTS
Meaux executed a will in valid statutory form on February 19, 1973 which granted his wife, Maude Guidry Breaux, a usufruct, without bond, for life over their home, and a usufruct, without bond, over his real and personal property, both separate and community, for life as long as she did not remarry. The will made no provisions for his daughter or adopted grandson. The will appointed Maude Guidry Breaux testamentary executrix.
The Breauxs had one child, Lillian. Lillian gave birth to Paul Randy Breaux. The Breauxs adopted Paul Randy Breaux on April 12, 1983. The adoption was by notarial act pursuant to La.R.S. 9:461. Lillian challenged the will of her father claiming that it had been revoked, pursuant to La. C.C. Art. 1705, since the adoption of a child by her father occurred after he had executed his will. The trial court held that the will was not revoked. Lillian appealed.
LAW
The trial judge, in finding that the will of Meaux was not revoked, relied on the case of Succession of Carbajal, 154 La. 1060, 98 So. 666 (1923). In that case, the decedent executed a will which mentioned and provided for his conceived but unborn child. The child was born less than a month after decedent’s death. La.C.C. Art. 1705 of the Code of 1870, in effect at that time, stated “[t]he testament falls by the birth of legitimate children.” The Supreme Court refused to apply this article stating:
“... that since proper provision was made for the unborn child, then known to have been conceived, the condition contemplated by the article of the Code for producing the nullity of the will had failed, and its provisions were therefore inapplicable. Partidas, Law 20, tit. 1, book 6; Justinian’s Inst. Let. 2, tit. 13; Domat Oeuvres Des Testamens, tit. 1, § 5, Nos. 6, 7, and 8 (Ed.1835) pp. 539, 540; I. b. tit. 2, vol. 2, pp. 624, 625; Merlin, Questions De Droit, vol. 6, pp. 374, 379, 381; Merlin, Repertoire De Jurisprudence, Preterition, p. 38, Common Law; Gardner on Wills (1903 Ed.) p. 283; Alexander on Wills, vol. 2, p. 951, § 632; 40 Cyc. 1198, 1199.” Succession of Carbajal, 154 La. 1060, 98 So. 666, at page 668 (1923).
*275 The condition contemplated by the codal article, and referred to by the Supreme Court in Carbajal, is that a testament would be revoked when it did not make provision for children of the testator who were later born. See Succession of Carbajal, supra, 98 So. at 668, citing Succession of Senac, 2 Rob. 258 (La.1842); Lewis v. Hure, 8 La.Ann. 378 (New Orleans 1853).
In the case at bar, the trial court relied on Carbajal, and upheld the will because it believed that the condition contemplated by La.C.C. Art. 1705 did not exist since Meaux’s will did not affect the rights of both his daughter and his adopted grandson as his only legitimate children. The trial judge stated in his reasons for judgment:
“The usufruct granted by the testator is, according to the terms of Article 890, a legal usufruct. It is therefore not an impingement upon the legitime and may be disregarded in considering its effect upon the rights of the forced heirs. So what we have here is the bequest of a usufruct over the testator’s separate property to his surviving spouse. Since neither child is mentioned in the testament the naked ownership of the property passes as in intestacy to all of the testator’s children, equally and in indivi-sión. The testament of Wilton Meaux has no effect upon the rights of either child of the marriage and the same condition of equality exists as if no testament had been made. According to the law neither child is excluded from participation in the estate of Wilton Meaux because of this will....”
Though all Meaux’s children might be treated equally as a result of Meaux’s will, the trial court, nevertheless, erred in finding that his will had not been revoked by the subsequent adoption of a child by Meaux. The condition contemplated by La. C.C. Art. 1705 had not ceased to exist where Meaux’s will made no provision for the birth or adoption of a child after the execution of the will or no provision that his will would not be revoked by a subsequent birth or adoption of a child.
In Carbajal, the court did not state that La.C.C. Art. 1705 should not be applied strictly. Rather, it only said that it did not apply when an after born child had been provided for in the will written before the child’s birth because the purpose and intent of the article was only to revoke wills that did not provide for or contemplate the subsequent birth of a child. As the court stated in commenting on the laws and jurisprudence of France, Spain, other continental countries, and England:
“It is also true, practically without exception, that the basic reason for the law is recognized in those forums is that it shall not be assumed a testator intended to exclude his unborn offspring from participation in his estate because of a will made before its birth. Thus, the sovereign, recognizing the frailties of the human mind and the uncertainty of life, seeks to compensate therefor by creating, in such circumstances, the same condition of equality which would otherwise exist if no testament had been made.” Succession of Carbajal, 154 La. 1060, 98 So. 666, at page 667 (1923).
Strict application of La.C.C. Art. 1705 can be seen in the event of adoption as well. In Succession of McRacken, 162 La. 443, 110 So. 645 (1926) and Succession of Carre, 212 La. 839, 33 So.2d 655 (1948), the Supreme Court held that a will dated prior to the adoption of a child was not revoked under Article 1705 of the Code of 1870. The court in McRacken and Carre refused to extend Article 1705 of the 1870 Code beyond its clear wording. These cases were legislatively overruled by Acts 1948, No. 334, where Article 1705 of the 1870 Code was amended to read:
“A testament is revoked by the posteri- or birth of a legitimate child to the testator or by the subsequent adoption of a child by the testator.”
Article 1705 was again amended, by Acts 1966, No. 471, to state:
“A testament is revoked by the posteri- or birth of a child to the testator or by the subsequent adoption of a child by the testator, unless the testator has declared in the testament that such an event shall *276 not revoke the testament; provided however, that in no event shall this article be interpreted in such a manner as to impinge upon the legitime of a forced heir.”
Here, again, the legislative intent of the application of La.C.C. Art. 1705 is shown. If a testator specifically states in his will that a subsequent birth or adoption shall not revoke his will, the presumption that he would not have made a disposition of his property without foreseeing that he could thereafter have or adopt children, does not arise. He would have contemplated and provided for the possibility of future children.
Article 1705 was amended and reenacted again, by Acts 1974, No. 209, § 1, and presently reads:
“A testament is revoked by the subsequent birth of a legitimate child to the testator or by the subsequent adoption or legitimation of a child by the testator, unless the testator has made testamentary provision to the contrary or has made testamentary provision for such child.”
Here, the original intent of Article 1705, as explained in Carbajal, has again been legislatively extended to protect children who have been legitimated. It is now clear that if a testament which provides for a future child, whether born, adopted, or legitimated, or which provides that it shall not be revoked by such future event, contemplates a future child and the underlying purpose of the article falls.
In the present ease, Meaux did not provide for his later adopted child, nor did he provide that his will would not be revoked by a subsequent birth or adoption. Therefore, we cannot find that he contemplated such subsequent birth or adoption nor can we say that he would have disposed of his property as he did in his will if he had known of or contemplated the subsequent adoption. The condition contemplated by Article 1705,[1] that the testator would not have made such a will, had he foreseen that he thereafter would have children, has not. failed as it had in Carbajal where a subsequent child was provided for in the testator’s will.
Meaux’s will was revoked by law when he, subsequent to the making of his will, adopted a child because he failed to provide for the subsequent child or state that his will would not be revoked by the subsequent adoption. See Succession of Ledet, 170 La. 449, 128 So. 273 (1930). The legislative intent is clear, as is the wording of the article itself.[2] The purpose behind Article 1705 has not failed. As the court in Carbajal stated:
“Familiar rules of interpretation require as a primary duty that courts ascertain and expound those purposes commonly called the legislative intent. Yet we are not compelled to give literal effect to words of a law, when the result would be to deny a particular class a fundamental right enjoyed by all other citizens, when the reason or underlying cause for the distinction has ceased to exist.” Succession of Carbajal, 154 La. 1060, 98 So. 666, at page 667 (1923).
The cause for the distinction has not ceased to exist in the case of Meaux’s will, and there exists no circumstances under which the cause for the distinction would cease to exist except those mentioned in Article 1705 as it read, which was: (1) the testator provided for the subsequent child, or (2) the testator provided that his will would not be revoked by adoption of the subsequent child.
The provisions of La.C.C. Art. 1705 are absolute and imperative. Succession of Austin, 527 So.2d 483 (La.App. 5 Cir.1988), writ den., 532 So.2d 135 (La.1988); Succession of Troxler, 323 So.2d 924 (La.App. 4 Cir.1975), writ refused, 328 So.2d 104 (La.1976) (no error of law. Dennis and Tate *277 would grant writ.) Meaux’s will was revoked by the later adoption of a child by operation of law.
For the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal are taxed to defendant-appellee, Maude Guidry Meaux, as testamentary executrix of the Succession of Wilton Meaux.
REVERSED.

. It is not clear whether Article 1705, as it read prior to the 1974 amendment, applies in this case since the will was made prior to the amendment and probated after the amendment. This issue need not be decided here, as the result is the same in either case, particularly since the jurisprudential rule of Carbajal applied before the 1974 amendment which codified its holding. See Succession of Troxler, 323 So.2d 924 (La.App. 4 Cir.1975), footnote one, writ den., 328 So.2d 104 (La.1976).

. See La.C.C. Art. 9.