948 So.2d 315 (2006)
SUCCESSION OF Florence Veronica Fitzmorris, Wife of/and George Rennyson SIMNO, Jr.
No. 2006-CA-1169.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 2006.
Jerome J. Reso, Jr., Lance J. Arnold, Baldwin Haspel, L.L.C., New Orleans, LA, for Appellant.
Eric Oliver Person, New Orleans, LA, for Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge DAVID S. GORBATY).
DAVID S. GORBATY, Judge.
In this appeal, Beth Ann Simno contends that the trial court erred in dismissing her Motion to File and Record Notarial Testaments and for Confirmation of Testamentary Executrix and Dative Testamentary Executrix and to Rescind Letters of Administration and Revoke Appointment of Administration for the Notarial Testament of George Rennyson Simno, Jr. For the reasons set forth below, we affirm.
FACTS AND PROCEDURAL HISTORY
This case arises out of the Succession of George Rennyson Simno, Jr. Mr. Simno died on June 5, 2005, leaving a Last Will and Testament dated July 30, 2004. In this document, Mr. Simno named his daughter, Beth Ann Simno, as Testamentary Executrix. Mr. Simno was predeceased by his wife, Florence Veronica Fitzmorris Simno.
On June 29, 2005, George Rennyson Simno III petitioned the court for appointment of Administrators of the Successions of Florence Veronica Fitzmorris Simno, wife of/ and George Rennyson Simno, Jr., alleging both successions were intestate. Subsequently, Beth Ann Simno presented the court with Mr. Simno's Last Will and Testament. She filed a motion requesting that she be confirmed as Testamentary Executrix of the Estate of George Rennyson Simno, Jr., and named Dative Testamentary Executrix of the Estate of Florence Veronica Fitzmorris Simno. George Simno III filed an opposition, asserting a *316 variety of infirmities of both of his parents' wills.
After a hearing, the trial court denied Beth Ann's motions. The court found that the will was invalid because of improper form. Specifically, the court held that the will did not comply with La. C.C. art. 1577(2) because the required attestation clause was missing from the will. Beth Ann subsequently filed this appeal. For the reasons set forth below, we affirm.
DISCUSSION
Beth Ann Simno asserts that the trial court erred in finding the Notarial Testament of George Rennyson Simno, Jr. to be null and void on its face for want of form promulgated in Louisiana Civil Code art. 1577(2).
La. C.C. art. 1577 provides:
The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and read and is physically able to do both, then:
1. In the presence of the notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each separate page.
2. In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this ___ day of ___."
The notarial testament of George Rennyson Simno, Jr. is one page long. It bears the signatures of the decedent, witnesses, and notary. The final paragraph of the instrument reads, "I hereby sign my name in the presence of the two undersigned competent witnesses and notary public affirming that this is my last will and testament on the date aforementioned above." Appellant claims that this sentence is the attestation clause, as required by C.C. art. 1577. Appellant further argues that although the clause does not use the exact words suggested in the article, it uses words that are "substantially similar" and thus should not be held invalid.
In Succession of Richardson, XXXX-XXXX (La.App. 1 Cir. 3/24/06), 934 So.2d 749, writ denied, XXXX-XXXX (la.6/2/06), 929 So.2d 1265, the decedent's will concluded:
IN WITNESS WHEREOF, I have signed my last will and testament in the presence of the undersigned witnesses and before a Notary.
Baton Rouge, Louisiana this 15th day of May 2003
 ___________
 (signed)
 Willie Richardson, (Testator)
The court found that the will was invalid because there was no attestation clause or clause of declaration signed by the witnesses and the notary. The court further held that such a defect could not be cured through testimony of witnesses and the notary.
In Succession of Brown, 458 So.2d 140 (La.App. 1 Cir.1984), the court held that all of the formal requisites for confection of a notarial testament must be observed, under penalty of nullity. Although its form is not sacrosanct, there must be an attestation clause, or clause of declaration signed by the witnesses and the notary.
In the instant case, the will contains an attestation by the testator, but none in a similar form, or in any other manner, by *317 the notary and witnesses. La. Civil Code art. 1577 requires two separate attestation clauses: one by the testator, and one by the notary and witnesses. Appellant seeks to have the attestation by the testator to be a substitute for the requirement for an attestation by the notary and witnesses. The will does not contain an attestation clause by the notary and witnesses at all; the attestation clause by the testator cannot be a substitute. The will contains no phrase that is "substantially similar" to the wording suggested for an attestation clause by the notary and witnesses. The La. Civil Code art. 1577(2) requirement for an attestation clause by the notary and witnesses was not complied with; the clause is completely absent. Thus, the trial court properly declared the will null for improper form. This assignment of error has no merit.
Beth Ann Simno further argues that the trial court erred by not requiring George Rennyson Simno III, objecting party to the will, to present exceptionally compelling proof of any actual nonobservance of formalities, to rebut the presumption of validity of testaments.
As discussed above, the attestation by the notary and witnesses was not included in the will, as required. The will itself provided proof of the noncompliance with the necessary formalities. It was not necessary for George Rennyson Simno, III to introduce further "exceptionally compelling proof." This assignment of error is meritless.
CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.