STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-846

SUCCESSION OF CYRIL HINDS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2003-0858 – "A"
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Michael G. Sullivan, J. David Painter, and James T. Genovese, Judges.

**GENOVESE, J., DISSENTS AND ASSIGNS WRITTEN REASONS.**

REVERSED AND RENDERED.

William L. Downing
10988 North Harrell's Ferry Road - Suite 10
Baton Rouge, Louisiana  70816
Telephone:  (225) 273-3055
COUNSEL FOR:
        Executors/Appellants - Susan B. Broaddus and Bill Pattillo

Gerald I. Hebert
P. O. Box 2520
Lafayette, Louisiana  70502
Telephone:  (337) 234-0949
COUNSEL FOR:
        Executors/Appellants - Susan B. Broaddus and Bill Pattillo

Lester J. Zaunbrecher
Frank S. Slavich, III
P. O. Drawer 3408
Lafayette, Louisiana  70502
Telephone:  (337) 262-9000
COUNSEL FOR:
        Appellees - Helen L. Hinds and Johnny L. Hinds

**William Hinds**
**In Proper Person**
**94 Hunters Run Lane**
**Many, Louisiana  71449**
      **Legal guardian of Brandon David Reed and Mason Ryan Reed**

**William H. Collier**
**Ringuet, Daniels, and Collier**
**P. O. Box 52647**
**Lafayette, Louisiana  70505**
**Telephone:  (337) 232-0002**
**COUNSEL FOR:**
      **Cindy Hinds Price as parent and legal guardian of Mary Joann**
      **Price, Amber Price, Thomas Charles Price, and Cheyanne Price**

**Cy K. Hinds**
**In Proper Person**
**1300 Rosemont Drive**
**Clinton, Mississippi  39056**
      **Parent and legal guardian of Devon Michelle Hinds**

**Kyle Joseph Collette**
**In Proper Person**
**1014 Robin Road**
**Breaux Bridge, Louisiana  70517**

**Diane Bijeaux**
**In Proper Person**
**1008 Dupuis Street**
**Breaux Bridge, Louisiana  70517**
      **Legal guardian of Hannah Katherine Odom**

**Windy Hinds Hanks**
**In Proper Person**
**2612 Fieldspan Road**
**Duson, Louisiana  70529**
      **Parent and legal guardian of Ashlyn Grace Hanks and Austin Grant**
      **Hanks**

**Christina Hinds**
**In Proper Person**
**300 Spruce Drive - Apt. 146**
**Lafayette, Louisiana  70506**
      **Parent and legal guardian of Ian Joseph Boutte**

**Danyelle Hinds Dupre**
**In Proper Person**
**204 Mills Road - Lot 38**
**Scott, Louisiana  70583**
      **Parent and legal guardian of Madison Paige Hinds and Gabrielle**
      **Alise Dupre**

**Shane Hinds**
**In Proper Person**
**321 Richland Avenue**
**Lafayette, Louisiana  70508**
> **Parent and legal guardian of Sarah Morgan Hinds, Isabele Leigh Hinds, John Wyatt Hinds, and Bode James Hinds**

**Shannon Menard**
**In Proper Person**
**338 Tabb Road**
**Scott, Louisiana  70583**
> **Parent and legal guardian of Hannah Claire Menard and Hudson Cole Menard**

**Shawnette Broussard**
**In Proper Person**
**314 Fabiola Avenue**
**Lafayette, Louisiana  70508**
> **Parent and legal guardian of Brittany Lauren Broussard, Payton Grant Broussard, and Cooper John Broussard**

**Robert St. John**
**In Proper Person**
**265 East Corporate Drive - Apt. 517**
**Lewisville, Texas  75067**
> **On behalf of the unknown children of Robert St. John**

**THIBODEAUX, Chief Judge.**

Defendants-appellants, Susan Broaddus (Broaddus) and Bill Pattillo (Pattillo), in their capacities as co-executrix and co-executor of the Succession of Cyril Hinds, appeal the trial court's judgment, which annulled the codicil to the will of Cyril Hinds. The judgment invalidated the codicil because it lacked a separate witness attestation clause. They assert that the trial court's judgment is erroneous because the will and codicil were drafted and executed simultaneously. Thus, they constituted a single testament such that the one witness attestation clause contained therein satisfied the necessary form for a valid notarial will. Alternatively, the appellants seek a reversal of the trial court's denial of their motion for new trial on this issue.

The judgment invalidating the codicil is reversed. In this case, the codicil and will were drafted and executed as one document, and the lack of the insertion of a second witness attestation clause following the codicil, when all other formalities ensuring against fraud had been satisfied, did not render the codicil portion of the instrument invalid. The issue of the propriety of the denial of the motion for new trial is moot, since judgment is rendered, ordering the probate of the codicil to the will of Cyril Hinds.

I.

**ISSUE**

Is a codicil to a notarial will invalid because it does not contain a witness attestation clause, although it was prepared simultaneously with a valid will, specifically referenced therein, and executed in the same ceremony, by the same witnesses and notary, as the will?

II.

**FACTUAL BACKGROUND**

On March 5, 2003, the testator, Cyril Hinds (Mr. Hinds), instructed his attorney, Gerald Hebert (Attorney Hebert), to prepare a will and a codicil for him. Acknowledging that this was not a usual practice—the simultaneous preparation of a will and a codicil—Attorney Hebert, nevertheless, followed the instructions of his client and prepared the documents to reflect the content relayed to him. The will and codicil each consisted of a single page. The will reads as follows:

> I, Cyril Hinds, do hereby make this my last will and testament, revoking all prior wills.
>
> 1.
>
> Subject to the attached Codicil, I leave to my wife, Helen Lois Anderson Hinds, the usufruct of all the community and separate property, both real and personal, that I may own at my death.
>
> 2.
>
> Subject to the above Codicil and usufruct, I leave to my great-grandchildren all of the community and separate property, both real and personal, that I may own at my death.
>
> 3.
>
> I name and appoint Bill Pattillo and/or Susan B. Broaddus as independent executors of my estate with full seizin and without bond. I further authorize an independent administration of my estate.
>
> 4.
>
> I name and appoint Gerald I. Hebert as Attorney for my executors and estate.
>
> IN WITNESS HEREOF, I have signed on each page and declared this to be my last will and testament in the presence of the Notary Public and the witnesses hereinafter

2

named and undersigned, at the date and place first written above.

/s/ Cyril Hinds
Testator

Signed on each page and declared by Cyril Hinds, Testator above named, in our presence to be his last will and testament, and in the presence of the Testator and each other we have hereunto subscribed our names on this 2nd day of April, 2003.

WITNESSES:

/s/ Ronald Quebedeaux          /s/ Cyril Hinds
                              Testator
/s/ Linda Quebedeaux

/s/ Marieta H. Fawcett
Notary Public

The codicil to the aforementioned will states:

CODICIL TO THE LAST WILL AND TESTAMENT OF CYRIL HINDS

I leave and bequeath to:

Susan B. Broaddus

The sum of Fifty Thousand Dollars cash ($50,000.00)

Bill Pattillo

The sum of Fifty Thousand Dollars cash ($50,000.00)

/s/ Cyril Hinds
Testator

Signed on each page and declared by me to be the Codicil to my Last Will and Testament dated April 2, 2003.

WITNESSES:

/s/ Ronald Quebedeaux          /s/ Cyril Hinds
                              Testator

/s/ Linda Quebedeaux

3

        /s/ Marieta H. Fawcett
_____Notary Public

        Page 1 of 1 pages
        April 2, 2003

Mr. Hinds's will was executed at his home on April 2, 2003. Present, at his request, were his friend and business associate, Bill Pattillo (Pattillo), and Ronald and Linda Quebedeaux. The Quebedeauxs had been asked by Mr. Hinds to serve as witnesses. Present also was a notary public, Marieta "Missy" Fawcett (Notary Fawcett), who had been instructed by Attorney Hebert to take the will and its codicil to the home of Mr. Hinds to oversee the execution of the documents. The documents were executed in Mr. Hinds's bedroom.

Notary Fawcett gave both documents to Mr. Hinds for his review. Mr. Hinds, who was seated in a chair, looked over the documents and asked that his wife, Helen Hinds (Mrs. Hinds), be called into the bedroom so that she could read the documents or have the documents read to her. Mrs. Hinds read the documents and, according to deposition testimony provided by Pattillo and Notary Fawcett, became upset about the bequests to the great-grandchildren, to the exclusion of their children and grandchildren. Nevertheless, no changes were made and Mrs. Hinds gave the documents back to Notary Fawcett, who proceeded to give the documents to Mr. Hinds so that he could affix his signatures. Mrs. Hinds and Pattillo left the bedroom while Mr. Hinds began signing the documents. The Quebedeauxs remained present and witnessed the signing of both documents by Mr. Hinds. The Quebedeauxs then signed both documents as instructed by Notary Fawcett. Notary Fawcett was the last to sign all of the documents.

Mr. Hinds died on December 12, 2003. On December 29, 2003, the trial court probated the will and codicil and approved the testamentary appointments of

4

Pattillo and Broaddus, as co-executors. Eight months later, on September 9, 2004, Mr. Hinds's widow, along with their son, Johnny L. Hinds, and their grandson, Shane Hinds[1], filed a petition to annul the will and codicil. The petition alleged that the will and codicil contained multiple irregularities as to form and that the necessary formalities for their execution had not been properly carried out.

The trial court found the will to be valid. The court ruled, however, that the codicil was not in proper form and was, therefore, null and void. The trial court orally explained:

> With regard to the codicil, the codicil is a separately titled instrument, unlike – unlike the – the wills in the cases cited by Mr. Downing, which indicated that the testator in those cases added a legacy as an afterthought, but at the same time that that [sic] would not be considered a codicil, but rather just an additional legacy that came after the – maybe after the signature or after the date. This case is a little different because this codicil was always designed to be a codicil. It wasn't an afterthought. It was designed, prepared, titled and paginated as a separate instrument. And the fact that it was – that it happened to have been executed at the same time as the will makes it no less a codicil. It's what it was designed to be and that's what it was. And as a matter of law, it is invalid for lack of an attestation clause. It does not have an adequate attestation clause. The will does. The will's attestation clause – I know that was an issue raised by you, Mr. Slavich – it's substantially similar to the – to the statutory attestation clause. But certainly the clause in the codicil is not sufficient and the codicil is not sufficient and the codicil is – is declared invalid.

Broaddus and Pattillo, as co-executors, filed a motion for a partial new trial to address the annulment of the codicil. They argued that the ruling was contrary to the law and evidence because the court should have considered the will and codicil as one testamentary instrument. Also, they argued that in the interest of justice, a new

---

[1]Shane Hinds later withdrew as a petitioner due to the apparent conflict presented by his status as father of one of the great-grandchildren, who, as a legatee, was necessarily named as a defendant in the action.

5

trial was necessary so that they could be afforded the opportunity to introduce written evidence of Mr. Hinds's wishes regarding the bequests to Broaddus and Pattillo, as set forth in the codicil. The trial court denied the motion.

III.

**LAW AND DISCUSSION**

*Is the Codicil Invalid for Lack of a Separate Attestation Clause?*

This appeal concerns a notarial testament and a separately-paginated "codicil" that was referenced in the testament and drafted and executed at the same time as that testament. The term "codicil," is synonymous with "bequest" or "disposition." *Oglesby v. Turner*, 50 So. 859 (La.1909). Historically, a codicil has been considered as an addition to a will and is a part of it. *Succession of Ledet*, 128 So. 273 (La.1930). The current Civil Code does not speak expressly of the term "codicil," but does state that any donations mortis causa[2] must be made in one of the forms of testaments authorized by law. La.Civ.Code art. 1570.

Louisiana law recognizes two forms of testaments: olographic and notarial. La.Civ.Code art. 1574. Mr. Hinds executed a notarial testament, which must comply with the following requirements:

**Art. 1577. Requirements of form**

> The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
>
> (1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that

---

[2]Civil Code Article 1469 provides the following definition of a donation mortis causa:

> "A donation mortis causa (in prospect of death) is an act to take effect, when the donor shall no longer exist, by which he disposes of the whole or a part of his property, and which is revocable."

6

the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.

(2) In the presence of the testator and each other, then notary and the witnesses shall sign the following declaration, or one substantially similar: 'In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this ____ day of _____, ____.'

In summary, this article requires that a literate testator, such as Mr. Hinds, in the presence of two witnesses and a notary public, signify in some manner that the instrument is his will, that he signed the will on each page, and that he signed it at its end. La.Civ.Code art. 1577(1). Section (2) of Article 1577 refers to the witness attestation clause, and requires the notary and witnesses to sign a declaration in the presence of the testator and each other, attesting to the fact that they witnessed the testator's declaration and his signing of the will on each page and at its end.

In this case, there is no question that, standing alone, the codicil does not satisfy these requirements because it does not contain the witness attestation clause. It is, however, signed twice by Mr. Hinds—once at the end of the bequests on that page and again at the end of that page under his written declaration that the document is his codicil—and is followed by the signatures of the notary and witnesses.

Based on the facts of this case, we find that the codicil is a valid portion of Mr. Hinds's will. This is because we are, foremost, guided by the principle which holds that the intent of the testator is the single most important consideration in the interpretation of a legacy. La.Civ.Code art. 1611; *see also, Succession of Thibodeaux*, 527 So.2d 559 (La.App. 3 Cir.), *writ denied*, 532 So.2d 151 (La.1988). Moreover, the law requires us to interpret this instrument "in a sense in which it can have effect, rather than in one in which it can have none." La.Civ.Code art. 1612.

These principles have been translated into an analysis that requires us to seek the establishment of exceptionally compelling proof of the non-observance of formalities in these documents's execution, before we can find that the presumption of the validity of a testament has been overcome. *Thibodeaux*, 527 So.2d 559. The supreme court, in *Succession of Guezuraga*, 512 So.2d 366, 368 (La.1987) (citation omitted), addressed the appropriateness of these principles of liberality:

> [W]e are not required to give the statutory[3] will a strict interpretation. The Legislature adopted the statutory will from the common law in order to avoid the rigid formal requirements of the Louisiana Civil Code. 'The minimal formal requirements of the statutory will are only designed to provide a simplified means for a testator to express his testamentary intent and to assure, through his signification and his signing in the presence of a notary and two witnesses, that the instrument was intended to be his last will.' *Succession of Porche v. Mouch*, 288 So.2d 27, 30 (La.1973). In accordance with this legislative intent, courts liberally construe and apply the statute, maintaining the validity of the will if at all possible, as long as it is in substantial compliance with the statute. Note, Louisiana's Statutory Will: The Role of Formal Requirements, 32 La.L.Rev. 452, 453 (1972). In deciding what constitutes substantial compliance, the courts look to the purpose of the formal requirements—to guard against fraud.
>
> Where the departure from form has nothing whatsoever to do with fraud, ordinary common sense dictates that such departure should not produce nullity. It was the intent of the legislature to reduce form to the minimum necessary to prevent fraud. It is submitted that in keeping with this intent, slight departures from form should be viewed in the light of their probable cause.

Consequently, the fact that the document is titled "codicil" and is separately paginated as such, is not solely determinative of whether it constitutes a separate bequest that would absolutely necessitate that it satisfy one of the requisite

---

[3]The notarial will is the current day version of the statutory will, previously set forth in La.R.S. § 9:2442.

forms of a testament in order for it to be valid. *See Oglesby*, 50 So. 859. Rather, when looking at the totality of the evidence and facts of this case, we found that Mr. Hinds asked to have his bequests set forth in the manner of a will and a separate codicil, despite the fact that there was no apparent necessity for the codicil because he was drafting a new will to the exclusion of any others, and all of the bequests were being simultaneously made by him. He asked Attorney Hebert to draft these documents, apparently anticipated that they would be executed in a single ceremony, and Attorney Hebert prepared the documents as directed.

Given this evidentiary framework, although these instruments were titled and paginated separately, we find that the will, in all aspects, satisfies the requirements of form for a valid notarial will. *See* La.Civ.Code art. 1577. It is signed on each page and at its end by the testator and contains two attestations by the testator (one located on the page designated as the last will and testament and one located on the codicil), both of which are witnessed and notarized. It also contains a witness attestation clause, wherein the witnesses and notary, personally, averred to the observance of the formalities for the execution of the will by the testator. We are not concerned that this clause is on the first page of the testament and not on the codicil page. This is because there is no statutory requirement regarding the placement of the witness attestation clause in a testament. Furthermore, we find that the subsequent signatures of the notary and witnesses after Mr. Hinds's separate attestation on the codicil page, along with the deposition testimony of the witnesses and notary, attesting to their personal observations of Mr. Hinds's execution of both pages of the will, satisfy any question regarding whether the codicil was duly intended to be a valid portion of the will by Mr. Hinds. *See Guezuraga*, 512 So.2d 366; *see also, Succession of Roniger*, 97-1088 (La.App. 4 Cir. 1/14/98), 706 So.2d 1025 (stating

that "reason dictates" and "justice demands" that extrinsic evidence be considered, in order to protect the right of persons to make a will that is not defeated by technicalities)(quoting *Succession of Boyd*, 306 So.2d 687, 689 (La.1975)). We, therefore, find that the codicil to the will of Cyril Hands is valid and should be probated.

IV.

## CONCLUSION

The judgment annulling the probate of the codicil to the will of Cyril Hinds is reversed. Costs of this appeal are assessed to plaintiffs-appellees, Helen L. Hinds and Johnny L. Hinds.

**REVERSED AND RENDERED.**

SUCCESSION OF CYRIL HINDS

**GENOVESE, J., dissents and assigns the following written reasons.**

I respectfully disagree with the majority opinion in this case and dissent for the following reasons:

Simply and plainly, the codicil to Mr. Hinds's will is invalid. The codicil has no attestation clause as required by La.Civ.Code art. 1577(2). The majority opinion is contrary to this court's holding in *Succession of Slay*, 99-1753 (La.App. 3 Cir. 5/17/00), 764 So.2d 102, *writ denied*, 00-2481 (La. 11/13/00), 774 So.2d 144, wherein we held a codicil to be invalid due to a defective attestation clause. The fourth circuit recently declared a notarial testament invalid due to a defective attestation clause and also held that such a defect could not be cured by the attestation of the testator. *Succession of Simno*, 2006 WL 3849924, 06-1169 (La.App. 4 Cir. 12/29/06), --- So.2d ---.

The majority opinion eviscerates La.Civ.Code art. 1577(2) and is contrary to our positive law. It attempts to circumvent the requirement of an attestation clause by implementing a novel "one document" theory, i.e., the codicil and the will in this case are one document, and the attestation clause for the will is sufficient for the codicil as well. A review of both the will and the codicil readily indicates two separate documents. They are titled differently. They are paginated differently. In fact, the codicil expressly states, "Page 1 of 1 pages." Unquestionably, the will and the codicil are two different documents, both of which must independently

1

satisfy their respective legal requirements. The will does; the codicil does not. The codicil has no attestation clause. The precise language of La.Civ.Code art. 1577(2) states that "the notary and witnesses shall sign the following declaration . . ," which has become known as the attestation clause. The word "shall" is mandatory and not permissive. The majority attempts to sidestep the legal formalities of a codicil as set forth in La.Civ.Code art. 1577(2) by substituting the "intent of the testator," the "presumption of the validity of a testament," and the "totality of the evidence." The law requires a codicil to have an attestation clause. Matters such as intent, presumption, and totality of the evidence do not negate the requirement that the legal formalities set forth in our civil code be followed.

A codicil and a will (testament) are treated the same, and both must satisfy the requirements of law. *Oglesby v. Turner*, 50 So. 859 (La.1909); *Succession of Ledet*, 128 So. 273 (La.1930). Louisiana Civil Code Article 1573 states: "The formalities prescribed for the execution of a testament must be observed or the testament is absolutely null." In the instant case, the legal requirements for a valid codicil were not met.

Finally, the majority opinion does not set forth the standard of review it implemented in reversing the trial court's judgment in this case. Though the facts in this case are not really in dispute, we are not to exercise a *de novo* review. There is nothing in the record to indicate that the trial court erred as a matter of law by strictly interpreting La.Civ.Code art. 1577(2). This court cannot simply substitute its opinion for that of the trial court.

For the reasons set forth above, I would affirm the trial court's judgment nullifying the codicil of Mr. Hinds.